IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| William Rosch, | Case No. 3:07 CV 3665 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Browning Masonic Community, Inc., | |
| Defendant. | |

**BACKGROUND**

This Court previously denied Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 3) for failure to properly serve Defendant (Doc. No. 8), pursuant to Federal Civil Rule 4(m). Plaintiff filed the Complaint in the Court's electronic filing system but did not serve the Summons and Complaint until 121 days after the Complaint had been filed with this Court. This Memorandum supplements the Court's previous entry.

**DISCUSSION**

Under Rule 4(m), a plaintiff is required to properly serve a defendant within 120 days after filing the complaint. If service is not effectuated within the 120 days, the Court shall dismiss the action unless the plaintiff has made a showing of "good cause." Defendant seeks dismissal of Plaintiff's Complaint for untimely service pursuant to Federal Civil Rules 4, 12(b)(2), and 12(b)(5) and Local Rule 4.2. Plaintiff opposes this Motion, arguing (1) Plaintiff satisfies the standard of good cause for untimely service pursuant to Rule 4(m); or alternatively (2) the Court should exercise its discretion under the case law to excuse tardy service -- tardy by one day.

**Defendant's Motion to Dismiss for Untimely Service is Denied**

Rule 4(m) directs the Court to dismiss the action for untimely service unless Plaintiff has made a showing of good cause:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court finds Plaintiff does not satisfy the "good cause" standard because a single unsuccessful attempt at service, or simple inadvertence, is insufficient. *See, e.g.*, *Boykin v. Commerce Union Bank*, 109 F.R.D. 344, 348 (W.D. Tenn. 1986).

If Plaintiff fails to show good cause for untimely service, the Court must either "(1) dismiss the action without prejudice or (2) direct that service be effected within a specified time." *Grose v. Mansfield Corr. Inst.*, No. 1:06-CV-2720, 2007 WL 2781434, at *1 (N.D. Ohio Sept. 24, 2007).

However, this Circuit has historically held that "disputes should be resolved on their merits rather than procedural or technical grounds." *Stafford v. Franklin County*, No. 2:04-CV-178, 2005 WL 1523369, at *3 (S.D. Ohio June 28, 2005).

Accordingly, a court may exercise its discretion and excuse the tardy filing. To do so, this Court must examine whether (1) a significant extension of time is necessary; (2) Defendant would not be prejudiced by an extension of time; (3) Defendant had actual notice of the lawsuit; (4) dismissal would substantially prejudice Plaintiff; and (5) that Plaintiff made good faith efforts at effecting proper service. *Nehls v. Hillsdale Coll.*, No. 1:03-CV-140, 2004 U.S. Dist. LEXIS 8588, at *10; *Stafford*, 2005 WL 1523369, at *3.

### 1. No significant extension of time is necessary

In *Wise v. Dep't of Def.*, 196 F.R.D. 52, 57 (S.D. Ohio 1999), the court found plaintiff did not significantly delay effecting proper service when plaintiff had effected service a month after the expiration of the 120-day period. In *Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405 (S.D. Ohio 2003), the court found it was within the court's discretion to extend time for proper service following a 419-day delay in effecting service. Here, Defendant received service one day after the expiration of the 120-day period. A one-day delay is not significant in light of the facts of this case.

### 2. Defendant would not be prejudiced by an extension of time

In *Nehls*, the district court found that this factor weighed in favor of plaintiff even though an extension would deprive defendant of the statute of limitations defense. *Nehls*, 2004 U.S. Dist. LEXIS 8588, at *17. Furthermore, the *Stafford* court found an additional eight-month delay would not prejudice defendants. *Stafford*, 2005 WL 1523369, at *4. In the instant case, Defendant has not alleged any prejudice resulting from the one-day delay, and the Court finds no such prejudice.

### 3. Defendant did not have actual notice within the 120-day period

An extension of time for service would not prejudice a defendant who early on had actual notice of the action "due to plaintiffs' good faith efforts at service." *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001). This factor weighs in favor of denying an extension, as there is no evidence Defendant received notice until just after the 120-day service period. However, this factor is outweighed by the others.

### 4. Dismissal would substantially prejudice Plaintiff

The *Stafford* court weighed this factor strongly in plaintiff's favor because dismissal led to the action being time-barred. *Stafford*, 2005 WL 1523369, at *4. The *Nehls* court weighed this factor

3

in plaintiff's favor where "a dismissal would prejudice Nehls because at least the portion of his claim would be time-barred." *Nehls*, 2004 U.S. Dist. LEXIS 8588, at *16. The Advisory Committee notes to Rule 4(m) state that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action." This factor weighs strongly in Plaintiff's favor because he would be barred from refiling his age discrimination claim.

### 5. Plaintiff made a good faith effort at effecting proper service

In *Nehls*, plaintiff failed to effect service because he sought waiver of service. *Nehls*, 2004 U.S. Dist. LEXIS 8588, at *18. In *Stafford*, defendant was served the complaint and summons at its place of business, which plaintiff argued was a good faith effort to effect service. The district court agreed that, "at least initially, Plaintiff made a good faith effort to effect service on Defendants." *Stafford*, 2005 WL 1523369, at *4. In the instant case, Plaintiff's counsel waited until the service period was nearly expired because he mistakenly believed the Clerk of Court would effect service. When he realized his mistake, he took immediate steps to complete service. And he took those steps before the 120-day period expired.

## CONCLUSION

Based upon the above review, this Court exercises its discretion to excuse the untimely service of process. Defendant's Motion is denied.

IT IS SO ORDERED.

                                               s/ *Jack Zouhary*
                                               JACK ZOUHARY
                                               U. S. DISTRICT JUDGE

June 4, 2008